UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**EDWARD LEE BROWN,**

    **Plaintiff,**

vs.                                      CASE NO. 1:22-cv-00279-AW-MAF

**MICHAEL NIGH,**
**et al.,**

    **Defendants,**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Edward Lee Brown, who claims he is a "pre-trial detainee . . . and a . . . state prisoner," is proceeding *pro se* and filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1, p. 4. Plaintiff did not pay the requisite filing fee but filed an application to proceed *in forma pauperis* (IFP) along with some inmate account statements. ECF No. 2. The Court screened Plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Despite Plaintiff's familiarity with the federal court system, he did not disclose his litigation history as required. As explained below, this case

should be dismissed as a sanction for the affirmative misrepresentations, made under the penalty of perjury, within his complaint and his IFP motion.

**I.   Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts

Case 1:22-cv-00279-AW-MAF   Document 5   Filed 12/20/22   Page 3 of 12

Page 3 of 12

that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II.   Plaintiff's Complaint, ECF No. 1.

Plaintiff is currently housed at the Alachua County Jail; and the allegations relate to the conditions of his confinement there. ECF No. 1. It is important to note that Plaintiff maintains he is being held pending trial in Alachua County Case No. 01-2020-CF-003859-A, where he is charged with the unarmed burglary of an unoccupied dwelling. Plaintiff alleged that he was violently assaulted by Defendant Nigh on September 22, 2022, in the jail infirmary cell. ECF No. 1, p. 4-5. The incident allegedly began when Plaintiff was reported for masturbating in a corner. Id., p. 5. Nigh pulled the curtain

across the cell to block Plaintiff from view but Plaintiff came forward to provide an explanation. At that point, the conflict escalated with Nigh screaming, cursing, and beating Plaintiff. Plaintiff accuses Nigh of beating and sexually assaulting him with handcuffs. Id., pp. 5-6. Plaintiff maintains that Nurse Weir and Nurse Fomby were present. Id., pp. 4-6. Weir examined Plaintiff for ten seconds and said, "there's no blood he is fine." Id., p. 6. Defendant Weir ignored Plaintiff's injuries and did not refer him for medical care. Id., pp. 6-7.

According to Plaintiff, he vomited, had headaches, and dull and sharp pains on the right side of his lower back, and had seizures. Id., pp. 6-8. Plaintiff is suing each defendant for $1,000,000 in actual and punitive damages. Id., p. 9. This Court is not unsympathetic to Plaintiff's allegations; however, it cannot ignore his affirmative misrepresentations made under the penalty of perjury.

## III. Discussion

Plaintiff disclosed in his complaint case information related to his current detention and made certain representations in his IFP application. ECF Nos. 1, 2. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's pending criminal case, Plaintiff's prior conviction, and some of

his incarceration history as available from the Florida Department of Corrections (FDOC) inmate population information.[1]

A. <u>Plaintiff's Motion to Proceed IFP is Due to be DENIED.</u>

As a preliminary matter, Plaintiff's IFP motion is due to be denied without prejudice. Plaintiff has a long criminal history, which is relevant in determining his eligibility.[2] It appears Plaintiff has not provided a complete set of the inmate account statements for the six-month period preceding the instant case and failed to properly disclose sources of income.

Plaintiff stated in the instant complaint that he was both a pretrial detainee and a state prisoner but did not provide the case number associated with his "state prisoner" status. ECF No. 1, p. 4. In 2019, Plaintiff was charged in Alachua County Case No. 01-2019-CF-3862-A.[3] Apparently, Plaintiff was free during the pendency of the case but was remanded to the custody of the Alachua County Detention Center on October 5, 2021,

---

[1] The FDOC Corrections Offender Network is located online at the following URL: http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=104582&TypeSearch=AI.  Plaintiff's DC number is 104582.

[2] According to the FDOC Corrections Offender Network, Plaintiff served prison sentences in the Florida Department of Corrections in at least nine felony cases. However, only Case No. 01-2019-CF-3862-A is discussed here.

[3] A jury found Plaintiff guilty of lewd and lascivious conduct committed upon or in the presence of a person younger than sixteen years old.

Case No. 1:22-cv-00279-AW-MAF

following a guilty verdict.[4] On November 29, 2021, Plaintiff was sentenced to fifteen years in state prison.

According to the FDOC Corrections Offender Network, Plaintiff was out of FDOC custody pursuant to a court order on January 7, 2022, which is during the pendency of the underlying burglary case. However, Plaintiff was not free. Plaintiff's inmate account statements show his inmate account at Florida State Prison, received a deposit, at least on February 1, 2022. ECF No. 2, p. 3. Then, from June 9, 2022, until the time Plaintiff initiated this case, the inmate account statements show Plaintiff was held in the custody of the Alachua Sheriff's Office Department of the Jail. Id., pp. 5-12. Plaintiff did not provide any income statements showing transactions for the period between February 2 and June 8, 2022. Id. Because Plaintiff filed the instant complaint in October, he is required to provide inmate account statements from April 2022 through October 2022. Plaintiff is required to gather the account statements from all the institutions where he was housed during the relevant period.

---

[4] See Alachua County Case No. 01-2019-CF-3862-A, "Order Revoking ROR and Remanding Defendant to Custody of the Alachua County Detention Center and Setting Bail," dated October 5, 2021, and the "Department of Corrections Commitment Packet," dated December 7, 2021.

Case No. 1:22-cv-00279-AW-MAF

Plaintiff was also required to disclose any income from whatever source within the past twelve months. See ECF No. 2, p. 2. Plaintiff checked "no" to all sources, but this is contradicted by Plaintiff's inmate account statement which shows that on February 1, 2022, Plaintiff received a government check in the amount of $1,400. Id., p. 3.

Because the Court does not have the inmate account statements from the requisite period, it cannot determine Plaintiff's eligibility for IFP status. Furthermore, Plaintiff's assertion that he received no income during the prior twelve-month period is negated by the February 2022 income statement he did provide. Accordingly, Plaintiff's motion to proceed IFP is DENIED. Still, this case is subject to dismissal because Plaintiff misrepresented his litigation history in his complaint.

B. Plaintiff Affirmatively Misrepresented His Litigation History

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs

failed to disclose their prior litigation history).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. Plaintiff is more than aware of this requirement as he was previously advised by this Court of the same in N. D. Fla. Case No. 1:21-cv-00075-AW-GRJ, Brown v. Brown.

Section VIII of the complaint form, titled "PRIOR LITIGATION," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. See ECF No. 1, p. 10. Question A of Section VIII asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim or prior to service. Id., p. 11. Plaintiff answered "yes" and listed N.D. Fla. Case No. 1:21-cv-00075-AW-GRJ, Brown v Brown. Id. Plaintiff stated that the reason for dismissal was "for prior to service." Id. Not so. The case was dismissed because it was barred by the Younger Doctrine and because it was malicious; Plaintiff had made affirmative misrepresentations related to his federal litigation history.

Case No. 1:22-cv-00279-AW-MAF

Question C of Section VIII asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 12. Plaintiff marked, "No." Id. The complaint form advised Plaintiff that "failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." Id., p. 10.

Upon review of PACER, the Court takes judicial notice that, as of the date Plaintiff filed his complaint, October 26, 2022, Plaintiff filed at least four other federal cases, which he did not disclose:

1. N.D. Fla. Case No. 4:98-cv-00364-WS, Brown v. Singletary, a habeas petition filed pursuant to 28 U.S.C. § 2254

2. M.D. Fla. Case No. 3:13-cv-01538-BJD-JBT, Brown v. Norris, et al., filed pursuant to Section 1983

3. M.D. Fla. Case No. 3:14-cv-00404-MMH-PDB, Brown v. Norris, et al., filed pursuant to Section 1983

4. N.D. Fla. 1:21-cv-00023-AW-GRJ, Brown v. Griffin, filed pursuant to Section 1983

Plaintiff did not identify these cases in his Complaint. In fact, Plaintiff's affirmative misrepresentations are sufficient to warrant dismissal the same way the Court had in N.D. Fla. Case No. 1:21-cv-00075-AW-GRJ, ironically, the only case Plaintiff disclosed. The Court will not outline the reasons for

Case No. 1:22-cv-00279-AW-MAF

dismissal in any of the other federal cases because it will not assume Plaintiff's obligation to fully disclose his litigation history.

Plaintiff knows that accurate disclosure of his litigation history is required and dismissal of the instant action might result from any untruthful answers to Section VIII of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's affirmative misrepresentations to go unpunished.

The appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera v. Allin, 144 F. 3d 719, 731 (11th Cir. 1998) (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under the penalty of perjury, is proper); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice was warranted where plaintiff failed to disclose existence of one prior case, and

disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service). While the Court is sympathetic to Plaintiff's allegations of abuse and deliberate indifference to a serious medical need, Plaintiff will not be prejudiced by this dismissal. He may refile his complaint using the proper form, alleging sufficient facts, and with the requisite disclosures under the penalty of perjury. Each case is subject to a new case number and separate filing fee.

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** as malicious for abuse of the judicial process by making affirmative misrepresentations regarding his litigation history and sources of income. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and counts as a "strike" under the Prison Litigation Reform Act. Finally, Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2 is **DENIED**, because Plaintiff made affirmative misrepresentations in his application regarding the sources of income within

the past twelve months and failed to provide the requisite inmate account statements.

IN CHAMBERS at Tallahassee, Florida, December 20, 2022.

>s/ Martin A. Fitzpatrick
>**MARTIN A. FITZPATRICK**
>**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).